[Cite as *State v. Kopilchak*, 2013-Ohio-5016.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98984

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY KOPILCHAK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560951

**BEFORE:**  Boyle, J., Stewart, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    November 14, 2013

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street
Suite 2000
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   James Hofelich
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Gregory Kopilchak, appeals his sentence. He raises two assignments of error for our review:

> 1. The trial court erred and abused its discretion in imposing a $10,000 fine when it failed to investigate Kopilchak's ability to pay the fine.
>
> 2. The trial court erred and abused its discretion in imposing a maximum sentence of eight years.

{¶2} Finding no merit to his appeal, we affirm.

## Procedural History and Factual Background

{¶3} Kopilchak pleaded guilty to an amended indictment to one count of burglary when the victim was present, a second-degree felony, in violation of R.C. 2911.12(A)(1). As part of his plea, he agreed to pay $70 in restitution to the victim.

{¶4} The charges arose after Kopilchak, in a severely intoxicated state from both drugs and alcohol, broke into the 86-year-old victim's apartment while she was sleeping and stole her flat screen television, cell phone, portable CD player, $73, two credit cards, jewelry box with several irreplaceable rings, earrings, and necklaces, and her house keys.

{¶5} The trial court sentenced Kopilchak to eight years in prison for the single count of second-degree-felony burglary. The trial court further imposed a $10,000 fine and ordered Kopilchak to pay $70 in restitution to the victim. The trial court also notified Kopilchak that he would be subject to a mandatory term of three years of postrelease control upon his release from prison. It is from this judgment that Kopilchak appeals.

## $10,000 Fine

**{¶6}** In his first assignment of error, Kopilchak argues that the trial court abused its discretion when it failed to determine if Kopilchak was indigent and had the ability to pay the $10,000 fine.

**{¶7}** Subsequent to his sentencing hearing but prior to his appeal, Kopilchak moved the court to suspend the $10,000 fine because he was indigent. The trial court granted Kopilchak's motion and waived the $10,000 fine.

**{¶8}** Accordingly, Kopilchak's first assignment of error is moot.

## Maximum Sentence

**{¶9}** In his second assignment of error, Kopilchak argues that the trial court erred and abused its discretion when it sentenced him to the maximum sentence of eight years.

**{¶10}** We do not review felony sentences under an abuse-of-discretion standard. R.C. 2953.08(G)(2). Rather, we may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law." *Id.*

**{¶11}** There are no longer any specific findings or reasons a court must give in order to impose maximum sentences. *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214,

2012-Ohio-5607, ¶ 82. Thus, we must determine if Kopilchak's sentence was otherwise contrary to law.

{¶12} The court's only guide in this case was the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors set forth in R.C. 2929.12. R.C. 2929.11(A) provides that

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶13} Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶14} There is still no "mandate," however, for the sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49, citing *Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 78; *State v. Putnam*, 11th Dist. Lake No. 2012-L-026, 2012-Ohio-4891, ¶ 9. Instead, the "trial court still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶ 49.

{¶15} In this case, the trial court explained the purposes and principles of sentencing. It stated that when sentencing the defendant, it first looks to the defendant's

"extensive felony history." It noted that Kopilchak had "a criminal history that dates back to 1979." It reviewed Kopilchak's criminal history, which included several convictions for theft and disorderly conduct, aggravated robbery, resisting arrest, burglary, and multiple community control violations. The trial court further indicated that Kopilchak had a "capias issued right now" for another disorderly conduct charge.

{¶16} The trial court then stated that it considered the victim impact statement in his case. It explained that the victim, an 86-year-old woman, was "terrified to go to sleep and leave her house, because [Kopilchak] chose to spend [his] days drinking and taking drugs rather than being a productive member of society." The trial court stated that the victim is "only looking for $70 in restitution, but she has about $10,000 in loss in damage that [Kopilchak] caused her." The trial court noted that the victim "suffered serious financial as well as serious psychological harm," and that the victim was "unbelievably traumatized."

{¶17} The trial court considered the fact that Kopilchak had reported that he had gone to an inpatient drug treatment program six times, but then continued to use drugs once he was released. The trial court indicated that it believed Kopilchak could stop using drugs, however, because he did not use them in the military or when he was previously incarcerated. The trial court stated that it did not consider Kopilchak's "voluntary intoxication" to be a mitigating factor.

{¶18} The trial court further stated:

> I found it very telling you seem to spend your days over at the Metricks Motel drinking. When your girlfriend gets home, she goes out

and buys drugs for you. You spend the day pounding down a bottle of liquor with your neighbor, your neighbor passes out, you decide to go for a walk and start breaking into people's houses. * * * You have not only disgraced the flag you once wore in uniform, you have used up all your goodwill with this court.

{¶19} After a review of the record, we find Kopilchak's sentence is not clearly and convincingly contrary to law. Thus, his second assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
TIM McCORMACK, J., CONCUR