[Cite as *State v. Jackson*, 2014-Ohio-706.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99985**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ORLANDO JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-573175

**BEFORE:** McCormack, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 27, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd., #613
Cleveland, OH 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Maxwell M. Martin
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Orlando Jackson, appeals from his guilty plea and sentencing. He contends in one assignment of error: "The trial court erred in accepting Orlando Jackson's guilty plea and in sentencing."[1] For the following reasons, we affirm his guilty plea and the trial court's sentence.

**Substantive Facts and Procedural History**

{¶2} On May 9, 2013, Jackson pleaded guilty to an amended indictment to one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1). He was sentenced on May 10, 2013.

{¶3} This case arises out of events that occurred on March 22, 2013, following a motor vehicle accident between Jackson and Lyons. The victim, Brandon C. Lyons, testified at the sentencing that immediately following "a small fender bender," there was an exchange of words, and then Jackson stabbed him within centimeters of his heart. Lyons required open heart surgery to repair the wound and will live with a permanent scar from his thorax to his abdomen. At the time of the accident, Lyons was employed and attending college. Lyons's mother testified that her son had automobile insurance at the time of the accident and he had informed Jackson prior to being stabbed

---

[1] Jackson raises two separate issues in a single assignment of error. We will address the two issues separately.

that insurance would cover the accident. Lyons has incurred extensive medical bills resulting from his surgical repair.

**{¶4}** The trial court sentenced Jackson to the maximum eight years in prison. The court further advised Jackson that he would be subject to a mandatory term of three years postrelease control upon his release from prison.

### Guilty Plea

**{¶5}** Jackson contends that his plea was not knowing, intelligent, or voluntary because he was not accurately informed of the maximum penalty.

**{¶6}** An appellate court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6. "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *Id.*

> Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty.

(Citation omitted.) *Id.* at ¶ 5.

**{¶7}** Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure that the plea is voluntary, that the defendant understands the nature of the charges and the maximum

penalty involved, and that the defendant understands the constitutional right he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. *See, e.g., State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

{¶8} Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c). When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and unknowingly and therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶9} When the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(a) and (b), we look for substantial compliance. *State v. Joachim*, 8th Dist. Cuyahoga No. 90616, 2008-Ohio-4876. For example, if the trial court imperfectly explained nonconstitutional matters such as the maximum possible penalty and the effect of the plea, a substantial-compliance standard applies. *Clark* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶10} When the trial court does not substantially comply with Crim.R. 11 with regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Clark* at ¶ 32. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108.

{¶11} Here, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a). The trial court began the sentencing by inquiring of the level of Jackson's education and establishing that Jackson could read, write, and understand the English language. Next, the court identified the charge of felonious assault with a serious physical harm specification and advised Jackson that the offense is a felony of the second degree and "is punishable by two to eight years in state prison in yearly increments." The court also advised Jackson that there is a mandatory three-year postrelease control attached to that charge as well as a presumption of prison. After the court informed Jackson of the charge and the possible sentences, Jackson indicated that he understood.

{¶12} Thereafter, the trial judge proceeded to conduct a thorough colloquy under Crim.R. 11(C)(2)(c), explaining to Jackson his constitutional rights and what he would be waiving, with respect to each of those rights, by pleading guilty to the offense with which he had been charged. In each instance, Jackson indicated that he understood. At no time during the plea hearing did Jackson ask any questions or otherwise give any indication that he did not understand the questions he was asked by the trial judge or what

he was told by the trial judge. After being advised of his rights, Jackson entered a guilty plea to the charge of felonious assault. The trial court found that Jackson made a knowing, intelligent, and voluntary decision to withdraw his previous not-guilty plea and that he understood the nature of the charges, the effect of the guilty plea, and the possible penalties. Jackson's counsel then indicated that he was satisfied that the trial court had fully complied with Crim.R. 11.

{¶13} Based on the foregoing, we find that the trial court conducted a detailed and thorough plea colloquy prior to accepting Jackson's plea, and the totality of the circumstances indicates that Jackson subjectively understood the implication of his guilty plea and the potential penalties he could receive as a result of his plea. Moreover, Jackson has failed to demonstrate that the plea would have otherwise been made.

{¶14} We therefore find the trial court did not err in accepting Jackson's plea.

## Maximum Sentence

{¶15} Jackson also contends that the trial court erred in sentencing him to the maximum of eight years.

{¶16} We do not review felony sentences under an abuse-of-discretion standard. *State v. Kopilchak*, 8th Dist. Cuyahoga No. 98984, 2013-Ohio-5016, ¶ 10, citing R.C. 2953.08(G)(2). Rather, this court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court" and may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the

record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law." *Id.*

{¶17} A trial court is no longer required to make any specific findings or delineate reasons in support of the imposition of maximum sentences. *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 82. We must therefore determine if Jackson's sentence was otherwise contrary to law. R.C. 2953.08(G)(2).

{¶18} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range."[2] *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶19} R.C. 2929.11(A) provides that

[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes

---

[2] We note that while this court has determined that *Kalish* no longer provides the framework for reviewing felony sentences, we find that it provides this court with adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. *A.H.* at ¶ 10; *see also State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478.

without imposing an unnecessary burden on state or local government resources.

Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶20} We note that while the court must consider the principles and purposes outlined above, it is not required to use particular language or engage in any specific findings of its consideration of these factors under R.C. 2929.11 or 2929.12. *Kopilchak*, 8th Dist. Cuyahoga No. 98984, 2013-Ohio-5016, at ¶ 14. Rather, the trial court "'still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.'" *Id.*, quoting *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 7 (Where a criminal sentence is within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.).

{¶21} We find in this case that the record reflects that the trial court explained the purposes and principles of felony sentencing. In doing so, the court stated that it first

looked to the defendant's criminal history and noted Jackson's extensive criminal record that dates back to 1990, when Jackson was 18 years old (at sentencing, Jackson was 41 years old). The trial court further stated that Jackson's criminal history includes drug abuse, drug trafficking, possession with intent to distribute crack cocaine, hit-skip/leaving the scene, theft of money orders, and various traffic violations, which offenses were addressed in both the state and federal systems. Finally, the court noted that Jackson had "done significant prison time in the federal system" and "[c]learly [he] did not learn from the sentences that the judges of this court as well as [the judges] in federal court gave him."

{¶22} The trial court then considered the impact of Jackson's actions on the victim. It found that Lyons suffered serious physical, economic, and psychological harm as a result of the assault. The court stated that none of the less serious factors apply and Jackson has not responded favorably to sanctions previously imposed in adult and juvenile court. The trial court therefore found that recidivism was more likely, because "the serious factors * * * outweigh the less serious factors." Finally, in closing, the court stated that a maximum sentence was proper:

[B]ased upon the seriousness and recidivism factors,

the seriousness of the injury here,

the circumstances of the case, and

the totality of the circumstances

[, ]a minimum sentence is not

warranted in this matter and, in fact, the court believes that, based upon the factors and circumstances of this matter, that a maximum sentence is warranted * * *.

{¶23} In light of the foregoing, we find that the record does not demonstrate that a maximum sentence of eight years is clearly and convincingly contrary to law. Jackson's assignment of error as it relates to his guilty plea and his sentence of eight years is therefore overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR