[Cite as *State v. Morris*, 2014-Ohio-4085.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100785**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANDRE D. MORRIS, III

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576929-A

**BEFORE:**    Blackmon, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    September 18, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

Andre D. Morris, III
Inmate No. #650-916
Allen Oakwood Correctional Institution
P.O. Box 4501
Lima, Ohio 45802

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Yosef M. Hochheiser
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Andre D. Morris, III ("Morris") appeals his guilty plea and sentence and assigns the following two errors for our review:

> I. The trial court did not comply with Criminal Rule 11 before accepting Morris's guilty plea and the plea of guilty was not knowingly, intelligently, and voluntarily made.

> II. The trial court erred when it imposed a prison sentence of 18 months. The trial court did not properly consider R.C. 2929.11 and R.C. 2929.12 in determining that a prison sentence was necessary.

{¶2} Having reviewed the record and pertinent law, we affirm Morris's guilty plea and sentence. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Morris for one count of felonious assault. The charge arose from Morris's biting off part of the victim's finger.

{¶4} While the matter was pending, Morris filed a motion to be referred to the psychiatric clinic to determine his competency at the time he committed the act and to determine if his case should be transferred to the mental health docket. The psychiatrist found Morris was sane at the time of the act and that his post-traumatic stress disorder ("PTSD") did not make him eligible to be transferred to the mental health docket. The psychiatrist also found that Morris was capable of understanding the proceedings and able to assist his counsel. Defense counsel stipulated to the accuracy of the psychiatrist's conclusions.

{¶5} Thereafter, Morris entered a plea to attempted felonious assault. The trial court sentenced him to 18 months in prison.

## Invalid Plea

{¶6} In his first assigned error, Morris argues that his guilty plea was invalid because the trial court did not properly explain to Morris his right against self-incrimination and also claims that he was confused at the hearing; therefore, he contends his plea was not a "knowing, intelligent, and voluntary plea."

{¶7} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Stewart*, 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163 (1977); *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph one of the syllabus. The privilege against compulsory self-incrimination is a constitutional right requiring "strict compliance." "Strict compliance" does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. *Id*.

{¶8} In the instant case, the trial court advised Morris as follows:

Court: Do you understand that you cannot be forced to testify against yourself at trial?

Defendant: Yes.

Court: Do you understand that if you choose not to testify at trial that your silence cannot be used against you in an attempt to prove your guilt?

Defendant: Yes, ma'am.

Tr. 19.

{¶9} This advisement complied with Crim.R. 11(C). Morris contends the trial court was required to explain to Morris that "a jury would be told that Morris has a right not to testify and that the jury could not draw any inference as a result of that silence, nor could it be used to infer Morris's guilt." Appellant's Brief at 11. However, Crim.R. 11(C) does not require such an in-depth explanation. The court only has to explain his privilege against self-incrimination in a manner reasonably intelligible to the defendant. The above advisement satisfies this requirement.

{¶10} Morris also contends his plea was not knowingly, voluntarily, or intelligently entered because he was confused at the hearing as evidenced by his remarks that he "kind of" and "roughly" understood what was going on and that he initially pled "no contest" instead of "guilty."

{¶11} Before accepting a guilty plea, Crim.R. 11 requires the trial court to personally address a defendant to determine if the plea is voluntary, and that the defendant understands both the plea itself as well as the rights waived by pleading guilty. *See* Crim.R. 11(C)(2). In determining whether a guilty plea is voluntarily, intelligently, and knowingly made, the court must look to the totality of the circumstances. *State v. Calvillo*, 76 Ohio App.3d 714, 719, 603 N.E.2d 325 (8th Dist.1991), citing *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶12} In the instant case, prior to taking Morris's plea, the trial court gave him time to discuss the plea with his attorney. After the prosecutor explained the plea agreement, defense counsel stated that he had advised his client and that he felt his client

was prepared to enter a "knowing, intelligent, and voluntary plea to the amended incitement as related by the prosecutor." Tr. 12.

{¶13} Before taking the plea, the trial court advised Morris:

[I]f you have any questions at any time throughout these proceedings, please do not hesitate to let me know because I will give you the opportunity to speak with your attorney, okay?

Tr. 12.

{¶14} The court then asked him his age and name and asked him if he understood the plea? Morris responded "Roughly, yes, ma'am." The court responded: "If you have questions again as we go through this, feel free to tell me that, and I will allow you to speak with your attorney or you can speak to me directly, okay?" Tr. 13. Morris responded "yes ma'am" and asked no questions.

When the trial court asked him if his PTSD and the medication he was taking affected his ability to "understand what's happening here today," the following dialogue occurred:

| | |
|---|---|
| Morris: | Yes and no. I mean, honestly, I'm kind of scared to death. I'm not going to lie about it. |
| Court: | Aside from being scared, are you able, though, to understand what's happening? |
| Morris: | Yeah. |

Tr. 15.

{¶15} The court then proceeded to advise him of the rights he was waiving. Prior to explaining the rights, the court again stated:

Court: Mr. Morris, you have rights afforded to you by the State of Ohio and the United States constitutions. I am about to advise you of those rights. Again, do not hesitate to let me know if you have any questions, okay?

Morris: Yes, ma'am.

Tr. 17.

{¶16} The court then proceeded to advise him of his rights that he was waiving, the terms of the plea, and the maximum sentence he was facing. The court then asked:

Court: Mr. Morris, do you understand the penalties you face by entering a guilty plea?

Morris: Yes, ma'am.

Court: Do you have any questions about the penalties you face?

Morris: Not now, ma'am, no.

Court: Do you have any questions about these proceedings?

Morris: No, ma'am.

Tr. 21-22.

{¶17} When the trial court explained postrelease control to Morris, it had stated that the postrelease control was part of the sentence and could be imposed up to three years. The trial court then inquired whether it had complied with Crim.R. 11 in explaining the plea, and the prosecutor took that opportunity to discuss the postrelease control. The prosecutor clarified with the court that because the crime was one of violence, the postrelease control was a mandatory three years. The trial court asked if Morris understood that the postrelease control would be mandatory, not discretionary,

Morris answered: "kind of." The court then reexplained the postrelease control and asked if he now understood. He replied: "Yes, ma'am, as you said, yeah." The court further inquired "do you have questions about it?" and Morris responded, "not now."

{¶18} When the court then asked Morris how he pleaded, he initially stated, "no contest." However, his attorney explained he had to plead "guilty," and Morris immediately stated he pled "guilty." The court asked him again, "So you are pleading guilty?" To which he responded, "yes ma'am."

{¶19} Under the totality of the circumstances, we conclude Morris entered a knowing, voluntarily, and intelligent plea. Every time he seemed confused, the trial court reiterated that he could ask questions and each time he did not ask any questions and told the court he understood. Therefore, based on the fact the court psychiatrist found Morris competent and the parties stipulated to his competency, the trial court did not err by relying on Morris's assertions that he understood the plea. Accordingly, Morris's first assigned error is overruled.

## Seriousness and Recidivism

{¶20} In his second assigned error, Morris argues the trial court failed to consider the factors under R.C. 2929.11 and 2929.12 prior to entering the sentence.

{¶21} Morris claims that the following factors favored a lighter sentence: (1) the fact the victim was under the influence of PCP, crack cocaine, and alcohol at the time of the incident, (2) the presentence report indicated he was at a moderate risk of reoffending, (3) he was a homeless veteran, and (4) he suffered from PTSD.

**{¶22}** R.C. 2929.11 and 2929.12 outline the general purposes and principles to be achieved in felony sentencing. R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(B) requires that, in addition to achieving these goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

**{¶23}** R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future. *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶ 11, citing *State v. Arnett*, 88 Ohio St.3d 208, 213, 2000-Ohio-302, 724 N.E.2d 793. The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors. R.C. 2929.12(B) and (D).

**{¶24}** The trial court's journal entry states that the court considered "all required factors of the law" and concluded that prison is consistent with the purposes of R.C. 2929.11. Although there is a mandatory duty to "consider" the statutory factors, the trial court is not required to explain its analysis of those factors in a given case. *Townsend* at ¶ 11-12. The trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v.*

*Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61, citing *State v. Payne*, 114

Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18.

{¶25} Nevertheless, the court acknowledged on the record: (1) Morris had a history of violence because of a prior involuntary manslaughter conviction, (2) the victim's injury was severe (she has gone through two surgeries), (3) Morris has a substance abuse problem, (4) Morris's mental condition makes him more volatile, (5) and, community control would not impose the restrictions necessary to protect the public. The court acknowledged that his sentence would make it difficult for Morris to find housing after he is released from jail, but stated it did not outweigh the court's fear for the public's safety. After discussing the above factors, the trial court stated:

> So having considered all those things, including the purposes and principles of sentencing under Revised Code section 2929.11 and the seriousness and recidivism factors relevant to the offense and offender, pursuant to Revised Code section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, the Court finds that a prison sentence is consistent with the purposes and principles of sentencing under Revised Code section 2929.11 and that the defendant is not amenable to a community control sanction due to the seriousness of the defendant's conduct and its impact on the victim, and because it is reasonably necessary to deter the offender in order to protect the public from future crimes and because it would not place an unnecessary burden on government resources.

Tr. 39.

{¶26} As we held in *State v. Warner*, 8th Dist. Cuyahoga No. 100197, 2014-Ohio-1519: "Discounting some factors, even if considered to mitigate against a longer term of imprisonment, against other factors that weigh in favor of a longer prison sentence, does not render a prison sentence as one being imposed contrary to law." *Id.* at

¶ 13. Thus, the record shows the court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the relevant seriousness and recidivism factors listed in R.C. 2929.12. Accordingly, Morris's second assigned error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR