[Cite as *State v. Brown*, 2014-Ohio-4381.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100874**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES BROWN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574953-A

**BEFORE:** Celebrezze, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**ATTORNEY FOR APPELLANT**

Christopher M. Kelley
75 Public Square
Suite 700
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brian M. McDonough
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Charles Brown, appeals from his two-year term of imprisonment. After a careful review of the record and relevant case law, we affirm appellant's sentence.

## I. Procedural History

{¶2} On June 4, 2013, appellant was indicted and charged with three counts of rape in violation of R.C. 2907.02(A)(2); two counts of kidnapping in violation of R.C. 2905.01(A)(4); and one count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2). The indictment stemmed from events that took place on June 5, 1993. On June 7, 2013, he entered a plea of not guilty to all charges.

{¶3} On November 14, 2013, appellant and the state reached a plea agreement. Appellant withdrew his formerly entered plea of not guilty and pled guilty to an amended Count 1, sexual battery, in violation of R.C. 2907.03(A)(1), a felony of the third degree. The remaining counts were nolled.

{¶4} On December 17, 2013, appellant received the maximum sentence of two years on his sexual battery conviction. *See* former R.C. 2929.11(D)(1). Appellant now brings this timely appeal raising one assignment of error for review.

## II. Law and Analysis

{¶5} In his sole assignment of error, appellant argues that the trial court's imposition of a maximum sentence of two years is clearly and convincingly contrary to law.

{¶6} We do not review felony sentences under an abuse-of-discretion standard. *State v. Kopilchak*, 8th Dist. Cuyahoga No. 98984, 2013-Ohio-5016, ¶ 10, citing R.C. 2953.08(G)(2). Rather, this court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court" and may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law." *Id.*

{¶7} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶8} R.C. 2929.11(A) provides that

[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶9} Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism,

and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶10}** We note that while the court must consider the principles and purposes outlined above, it is not required to use particular language or engage in any specific findings of its consideration of these factors under R.C. 2929.11 or 2929.12. *Kopilchak*, 8th Dist. Cuyahoga No. 98984, 2013-Ohio-5016, at ¶ 14. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 7.

**{¶11}** Based on the record before us, we find that appellant's sentence is not clearly and convincingly contrary to law. Here, the trial court imposed a sentence within the sentencing range and adequately considered the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12. In doing so, the court expressly stated that "the purpose and principles of felony sentencing are to protect the public and punish the offender." Further, the court considered appellant's extensive criminal history, which included convictions for attempted aggravated robbery, sexual battery, criminal trespass, attempted rape, abduction, and various drug and alcohol-related offenses. The trial court then considered the impact appellant's actions had on the victim in this matter. It found that the victim

suffered serious psychological harm and that appellant used his relationship with the victim to facilitate the sexual battery offense.

{¶12} Moreover, despite appellant's position to the contrary, the record reflects that the trial court carefully considered the relevant mitigating factors detailed in appellant's Mitigation of Penalty Report, but found that the aggravating factors weighed more heavily in favor of a maximum sentence. Specifically, the court stated:

> Based on the findings that the court has made with regard to the seriousness and recidivism factors, the court finds that a sentence of community control would demean the seriousness of this offense. And based upon this defendant's history and the risk of recidivism that is detailed in the mitigation of penalty report, the court does find that prison is an appropriate sentence, and that a maximum sentence in this case is appropriate based upon the seriousness of the conduct and the length and nature of this defendant's criminal history.

{¶13} In light of the foregoing, we find that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced appellant within the permissible statutory range. Thus, the trial court's imposition of a maximum sentence is not clearly and convincingly contrary to law.

{¶14} Appellant's sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR