[Cite as *State v. Lunder*, 2014-Ohio-5341.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101223**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WAYNE LUNDER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568259-A

**BEFORE:** Celebrezze, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 4, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Brad S. Meyer
        Margaret A. Troia
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Wayne Lunder, appeals from his convictions and sentence following a guilty plea. After a careful review of the record and relevant case law, we affirm appellant's sentence, but remand for the trial court to issue a nunc pro tunc entry to incorporate the findings made at the sentencing hearing into the journal entry.

## I. Procedural History

{¶2} On April 26, 2013, appellant was indicted by the Cuyahoga County Grand Jury in a 13-count indictment charging him with multiple sex offenses committed against two separate victims.

{¶3} Counts 1-11 of the indictment related to events that took place on or about January 1, 2007 to December 31, 2007, January 1, 2012 to August 1, 2012, April 14, 2012, June 27, 2012, June 28, 2012, against victim, Jane Doe I (d.o.b. April 14, 2000). Those charges included attempted rape in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b), with a sexually violent predator specification; five counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), with sexually violent predator specifications; two counts of kidnapping in violation R.C. 2905.01(A)(4), with sexually violent predator specifications and sexual motivation specifications; corrupting another with drugs in violation of R.C. 2925.02(A)(2); and two counts of endangering children in violation of R.C. 2919.22(B)(1).

{¶4} Counts 12 and 13 of the indictment related to events that took place on or about September 1, 2006 to March 31, 2007, against Jane Doe II (d.o.b. November 29, 1991). Those charges included rape in violation of R.C. 2907.02(A)(2), with a sexually violent predator specification; and kidnapping in violation of R.C. 2905.01(A)(4), with a sexually violent predator specification and a sexual motivation specification.

{¶5} On November 25, 2013, appellant filed a motion to bifurcate the counts involving the two separate victims. He argued that a single trial would be unduly prejudicial and suggestive to a jury. Following a hearing held on January 31, 2014, the trial court denied appellant's motion.

{¶6} On February 24, 2014, appellant entered into a plea agreement with the state. Appellant pled guilty to Count 2, gross sexual imposition, a felony of the third degree. Appellant further pled guilty to an amended Count 12, attempted rape, a felony of the second degree. The sexually violent predator specifications were deleted from each count. The remaining counts were dismissed.

{¶7} On March 31, 2014, the trial court sentenced appellant to a five-year term of imprisonment on Count 2 and a term of eight years on Count 12, to be served consecutively to each other, for a total sentence of 13 years. Appellant was classified as a Tier III sex offender and received five years of mandatory postrelease control.

{¶8} Appellant now brings this timely appeal, raising three assignments of error for review.

## II. Law and Analysis

### A. Consecutive and Maximum Sentences

{¶9} In his first assignment of error, appellant argues that "the trial court erred when it did not make necessary findings prior to imposing consecutive and maximum sentences, and the record did not support that consecutive and maximum sentences were warranted."

{¶10} Under R.C. 2953.08, an appellate court may overturn the imposition of consecutive sentences where (1) the appellate court, upon its review, clearly and convincingly finds that "the

record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

**{¶11}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** The presumption in Ohio is that sentences are to run concurrently unless the trial court makes the R.C. 2929.14(C)(4) findings for consecutive sentences. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 25, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

**{¶13}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio- 3177, 16 N.E.3d 659. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases

warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The failure to make consecutive sentence findings is contrary to law. *See State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001).

{¶14} In the instant case, the trial court stated at sentencing that it carefully considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Based on the information in appellant's presentence investigation report, the victim impact statements, and appellant's lack of remorse, the court found that "[appellant]'s conduct is more serious than the conduct normally constituting the charged offenses," and that "the recidivism factors do indicate that [appellant] is more likely rather than less likely to commit future crimes." The court emphasized the lasting psychological and emotional harm caused to the victims and how appellant used his relationship with each of them to facilitate the offenses. Thus, the trial court stated, "a prison sentence is consistent with the purposes and principles of felony sentencing" and "a minimum term would demean the seriousness of these offenses."

{¶15} Base on this portion of the trial court's sentencing colloquy, we find that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentenced appellant within the permissible statutory range. Thus, the trial court's imposition of a maximum sentence is not clearly and convincingly contrary to law. *See State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶16} Thereafter, the trial court made separate and distinct findings pursuant to R.C. 2929.14(C)(4), stating as follows:

[T]he court finds that in order to punish the offender, that consecutive sentences would not be disproportionate to the seriousness of the offender's conduct and that at least two of the offenses were part of a course of conduct and the harm caused was so great or unusual that any single prison term would not adequately reflect the seriousness of the offender's conduct, so the court imposes the two sentences of sixty months and eight years consecutive to one another.

{¶17} We find that the trial court's statements satisfied the requirements of R.C. 2929.14(C)(4), and the record supports its findings. Appellant appears to argue that the colloquy was insufficient because the court did not specifically state that "consecutive sentences were not disproportionate to the danger the offender poses to the public." However, the court referenced appellant's likelihood of recidivism and stated that appellant's sentence is "commensurate with the seriousness of [his] conduct and its impact of the victims and is reasonably necessary to deter the offender in order to protect the public." We find that the trial court's statements sufficiently addressed the danger appellant poses to the public and the need for consecutive sentences.

{¶18} Appellant's first assignment of error is overruled.

{¶19} However, the trial court must incorporate the findings to impose consecutive sentences into its sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio- 3177, 16 N.E.3d 659, ¶ 29. The failure to include the findings is a "clerical mistake" and does not render the sentence contrary to law. *Id*. at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. The omission may therefore be corrected through a nunc pro tunc entry "to reflect what actually occurred in open court." *Id*.

{¶20} The trial court's sentencing entry in this case does not include the consecutive sentence findings. Therefore, in accordance with *Bonnell*, we remand to the trial court for the limited purpose of incorporating the consecutive sentence findings made at sentencing into the court's entry.

## B. Crim.R. 11

{¶21} In his second assignment of error, appellant argues that the trial court did not comply with Crim.R. 11 before accepting his guilty plea. Specifically, appellant contends that his plea was not made knowingly, intelligently, and voluntarily because the trial court failed to properly explain his constitutional privilege against self-incrimination.

{¶22} Whether the trial court accepted a plea in compliance with Crim.R. 11(C) is subject to de novo review. *State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6. "'We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C).'" *Id.*, quoting *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

{¶23} In determining whether the trial court has satisfied its duties in accepting a plea under Crim.R. 11, reviewing courts distinguish between constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. A trial court must strictly comply with the mandates of Crim.R. 11(C)(2)(c) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Boggan*, 8th Dist. Cuyahoga No. 100096, 2014-Ohio-1428, ¶ 6, citing *Veney* at ¶ 27. Thus, the privilege against compulsory self-incrimination is a constitutional right requiring strict compliance.

{¶24} Although a trial court must strictly comply with the mandates of Crim.R. 11(C) with respect to constitutional rights, that does not mean that the rule's exact language must be used verbatim. *State v. Freed*, 8th Dist. Cuyahoga No. 90720, 2008-Ohio-5742, ¶ 37. The Ohio Supreme Court has recognized that literal compliance with the wording of Crim.R. 11(C)(2) is not required and that the focus on review is whether the record shows that the trial

court explained the rights "in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus.

**{¶25}** In the case at hand, the trial court made the following advisement regarding appellant's privilege against self-incrimination:

> COURT: All right. And then finally, at trial, you have the right to testify in your own defense but you could choose not to testify and remain silent. If you chose to remain silent at trial, then the state is not permitted to comment on or use that fact against you in any way. Do you understand that?
>
> APPELLANT: Yes, sir.

**{¶26}** Based on the foregoing statements, it is evident that appellant was informed of both his right not to testify at trial and that, in choosing not to, his choice could not be used against him in any way. *See State v. Finney*, 8th Dist. Cuyahoga No. 99646, 2014-Ohio-1054; *State v. Morris*, 8th Dist. Cuyahoga No. 100785, 2014-Ohio-4085; *State v. Huang*, 8th Dist. Cuyahoga No. 99945, 2014-Ohio-1511. Thus, we find that the trial court strictly complied with Crim.R. 11(C)(2)(c).

**{¶27}** Appellant's second assignment of error is overruled.

### C. Bifurcation

**{¶28}** In his third assignment of error, appellant argues that the trial court erred when it denied his motion to bifurcate the trial. Appellant contends that the trial court's error invalidated the knowing, intelligent, and voluntary nature of his guilty plea.

**{¶29}** Appellant correctly states that a guilty plea waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.

**{¶30}** Here, appellant is not arguing that the trial court failed to ensure that he entered his plea knowingly and intelligently. Instead, he argues that the trial court's judgment denying his motion to bifurcate prejudiced his opportunity for a fair trial and effectively forced him to accept the plea involuntarily. Appellant contends that the trial court's judgment left him with no choice but to plead guilty or "face the possibility of life in prison, with two unrelated victims testifying against him and bolstering each other's own credibility by their sheer numbers."

**{¶31}** Pursuant to Crim.R. 8(A), two or more offenses may be joined if the offenses "are of the same or similar character * * * or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Although the law favors the joinder of offenses that are of the "same or similar character," the court may sever the charges under Crim.R. 14 on a showing of prejudice. *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990).

**{¶32}** To effectively claim error in the joinder of defendants in a single trial, appellant must make an affirmative showing that his rights were prejudiced. *State v. Torres*, 66 Ohio St.2d 340, 421 N.E.2d 1288 (1981), syllabus. Prejudice is not demonstrated if one offense would have been admissible as "other acts" evidence under Evid.R. 404(B) or if the evidence of each crime joined at trial is simple and direct. *State v. Schaim*, 65 Ohio St.3d 51, 59, 600 N.E.2d 661 (1992).

**{¶33}** Further, a trier of fact is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated. *Torres* at 343-344. As such, joinder is not prejudicial when the evidence is direct and uncomplicated and can reasonably be separated as to each offense. *Id.*

**{¶34}** After careful review of the arguments raised by both sides, we find that appellant has failed to establish the requisite prejudice for severance. In our view, the incidents alleged by the two victims are separated sufficiently by time, and the evidence was simple and direct such that it should not confuse the jury. Moreover, the record reflects that, although the offenses against Jane Doe II primarily took place in 2007, she only felt comfortable disclosing her allegations against appellant after Jane Doe I came forward with her allegations in 2013. Thus, we agree with the trial court's finding that the introduction of Jane I would have been admissible in a trial regarding Jane Doe II in order to explain the delay in her disclosure. Under the circumstances of this case, we are unable to conclude that the trial court abused its discretion in denying appellant's motion to bifurcate.

**{¶35}** Having failed to demonstrate prejudice by the joinder of the offenses, appellant fails to establish that he was forced to enter his plea involuntarily.

**{¶36}** Appellant's third assignment of error is overruled.

### III. Conclusion

**{¶37}** The trial court made the requisite findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). Further, the trial court properly advised appellant of his constitutional rights during his Crim.R. 11 plea colloquy. Finally, the trial court did not err in denying appellant's motion to bifurcate. Thus, we are unable to say that appellant was involuntarily forced to enter into a plea or face an unfair trial.

**{¶38}** Judgment affirmed. However, this case is remanded to the trial court solely for correction of the journal entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR