[Cite as *State v. Greene*, 2014-Ohio-3713.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100542**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# COURTNEY GREENE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568641-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
526 Superior Avenue, Suite 940
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary Weston
            Mahmoud Awadallah
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Courtney Greene pleaded guilty to obstruction of justice and involuntary manslaughter in connection with offenses in which she participated with her codefendant boyfriend. On appeal, Greene argues that the trial court imposed consecutive sentences without making the necessary findings. She also argues that the court erred by imposing a split sentence that included both a prison term and community control sanctions, where the sanctions automatically included local incarceration. We find no error and affirm the judgment of the trial court.

{¶2} Greene was indicted in two cases. In June 2013, she pleaded guilty in one of the cases to two counts of obstruction of justice and one count of involuntary manslaughter, all third-degree felonies. In exchange for her plea and her agreement to testify against her boyfriend, the state nolled the remaining counts listed in the indictment, and the second case was nolled in its entirety with reference to Greene only. Also as part of her plea agreement, the manslaughter charge carried mandatory prison time, and Greene agreed to a minimum four years in prison and that none of her convictions would merge for sentencing purposes.

{¶3} Prior to the court accepting her plea, Greene told the court that she was on probation for a 2008 attempted felonious assault conviction at the time the offenses in these two cases were committed. She also told the court that she had a petty theft conviction in Berea. The court advised her that she could face additional consequences

if the court found her to be in violation of her probation as a result of new criminal convictions. The court repeated the plea agreement that the state had reached with Greene and stated that it was within the discretion of the court to reject the agreement and impose a harsher penalty. The court accepted Greene's plea and found her guilty of the three offenses.

{¶4} Greene appeared in court in October 2013 for sentencing on these convictions and for a probation revocation hearing relating to community controlled sanctions imposed for the 2008 attempted felonious assault conviction. The court found Greene in violation of her community control sanctions, terminated her community control supervision, and imposed a sentence of three years in prison for attempted felonious assault. The court also sentenced her to three years for involuntary manslaughter and to community control sanctions for the two obstruction of justice convictions. The court ordered the attempted felonious assault and involuntary manslaughter sentences to run consecutively for a total of six years in prison.

{¶5} In Greene's first assigned error, she argues the court imposed consecutive sentences without making the proper statutory findings. Under R.C. 2929.14(C)(4), a trial court may impose consecutive multiple prison terms for convictions on multiple offenses where the court makes the necessary statutory findings. This court has adopted a strict approach when reviewing consecutive sentencing. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, _ 13. We require the trial court to make separate and distinct findings apart from any findings relating to the purposes and goals of criminal sentencing.

*Id. See State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶6}** The transcript demonstrates that at the sentencing hearing the court made the following statement:

> You are found to be a probation violator in 513687. That three years is imposed consecutive to three years in Count 3 of the pending case.
>
> I'll note, for the record, pursuant to 2929.14, (B)[sic](4), that this Court believes that the maximum term should be imposed, but the consecutive

terms imposed are necessary to protect the public, to punish the offender.

And it is not a disproportionate sentence.

The court satisfied the first prong of the analysis when it found that the public needed to be protected from Greene and that consecutive terms were being imposed to punish her. Regarding the second part of the analysis, although barely addressed, the court noted that a consecutive sentence is not disproportionate to Greene's conduct.[1] Lastly, the court noted that Greene was under community control sanctions for her attempted felonious assault conviction at the time she was convicted of obstruction of justice and involuntary manslaughter.

{¶7} We find that the trial court satisfied the requirements of R.C. 2929.14(C)(4). Greene's first assignment of error is overruled. However, we note that the recent Ohio Supreme Court decision in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, requires that the trial court not only make the statutory findings to impose consecutive sentences, but that the court also incorporate those findings into its sentencing entry. *Id.* at syllabus. The court stated that the trial court's failure to do so is a clerical mistake and does not render the sentence contrary to law, therefore, the omission "may be corrected * * * through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-111, 967 N.E.2d 718, ¶ 15. In

---

[1] Although the court did not specifically state that the sentence is not disproportionate to the *seriousness* of Greene's conduct *and the danger she poses to the public*, to reverse and remand in this case would be tantamount to merely requiring the "magic" words.

light of *Bonnell*, we remand the case for the limited purpose of having the trial court incorporate nunc pro tunc its consecutive- sentence findings in the sentencing entry.

{¶8} In Greene's second assigned error, she argues that it was improper for the trial court to impose both a prison sentence and community control sanctions, which included jail time, for the same offense.

{¶9} This court has held that a trial court cannot sentence a defendant to both community control and prison for the same offense. *State v. Redd*, 8th Dist. Cuyahoga No. 98064, 2012-Ohio-5417, _ 7, citing *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.). However, that is not what happened in this case.

{¶10} The court did not impose a split sentence or sentence Greene to prison time and community control sanctions for the same offense. Greene was sentenced on four different infractions — two obstruction of justice convictions, a conviction for involuntary manslaughter, and a conviction for attempted felonious assault. The court imposed community control sanctions, including jail time at a Cuyahoga County jail on the obstruction of justice convictions. The court ordered this sentence to be served upon completion of the three-year prison term on the probation violation relating to the attempted felonious assault conviction, and the three-year sentence for involuntary manslaughter. We therefore overrule Greene's second assigned error.

{¶11} Judgment affirmed and remanded.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for correction of sentencing entry and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR