[Cite as *State v. Thomas*, 2014-Ohio-3833.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                                    :          APPEAL NO. C-140070
                                                             TRIAL NO. B-1106802 B
     Plaintiff-Appellee,                  :
                                                                    *O P I N I O N.*
  vs.                                          :

ANDRE THOMAS,                                     :

     Defendant-Appellant.                 :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  September 5, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,


*Roger W. Kirk*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal from a criminal sentence imposed during a resentencing hearing. The trial court ordered that the defendant's sentences run consecutively. The court made the required findings prior to imposing consecutive sentences, and we conclude that those findings are supported by the record. The court did not, however, incorporate its findings into the sentencing entry, as required under the Ohio Supreme Court's recent decision in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177. Thus, in accordance with *Bonnell*, we must remand the case for the trial court to correct this deficiency through a nunc pro tunc entry.

{¶2} Andre Thomas was convicted of murder with a firearm specification, having a weapon while under a disability, and improperly discharging a firearm. The convictions stemmed from a series of events in which Mr. Thomas hired a hit man to kill his brother, Jermaine, and another man, Anthony Wells. The hit man intentionally botched the attempt on Jermaine, but successfully carried out the hit on Mr. Wells, shooting and killing him. The trial court ordered Mr. Thomas to serve his sentences consecutively, imposing an aggregate prison term of 32 years.

{¶3} We previously affirmed Mr. Thomas's convictions, but remanded the case because the trial court failed to make the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences. *See State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386. On remand, the trial court imposed the same 32-year term after making findings on the record at the sentencing hearing and completing a separate sentencing-findings worksheet. The worksheet was filed on January 24, 2014, the date of the resentencing hearing, and the sentencing entry was journalized on February 4. Mr. Thomas now appeals the trial court's imposition of consecutive sentences, arguing that the sentences were excessive because Mr. Thomas was not the actual shooter.

{¶4} Our review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629 (1st Dist.). Under that section, we may vacate Mr. Thomas's sentences only if we "clearly and convincingly" find that the record does not support the trial court's findings or that the sentences are otherwise contrary to law.

{¶5} R.C. 2929.14(C)(4) provides that the trial court must make certain findings before imposing consecutive sentences. First, the trial court must find that the sentences are necessary either to protect the public from future crime or to punish the offender. Here, the trial court determined that both circumstances applied. Next, the trial court made the requisite finding that the imposition of consecutive sentences was not disproportionate to the seriousness of Mr. Thomas's conduct and the danger he posed to the public. Finally, the court must find one of three conditions listed in R.C. 2929.14(C)(4)(a)-(c). In this case, the trial court found that the harm caused by the offenses was "so great or unusual that no single prison term * * * adequately reflects the seriousness of [Mr. Thomas's] conduct," thereby satisfying the condition in R.C. 2929.14(C)(4)(b).

{¶6} We conclude that the trial court's findings are supported by the record. Mr. Thomas commissioned attacks on two people, provided the hit man with a weapon to carry out those attacks, and directed when and how the crimes were to be conducted. We, therefore, overrule Mr. Thomas's sole assignment of error and affirm the trial court's imposition of consecutive sentences.

{¶7} But our inquiry does not end there. We must consider the Ohio Supreme Court's recent decision in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177. In *Bonnell*, the court held that "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

*Bonnell* at syllabus; *see State v. Simmons*, 1st Dist. Hamilton No. C-130126, 2014-Ohio-3695, ¶ 117. In this case, the trial court made the statutory findings at the sentencing hearing, but did not include those findings in the sentencing entry.

{¶8} Although no statute specifies where in the record the consecutive-sentence findings must be demonstrated, the *Bonnell* court concluded that "because a court speaks through its journal," the trial court should "incorporate its statutory findings into the sentencing entry." *Bonnell* at ¶ 29. Here, the trial court did, in fact, journalize its findings through the use of a sentencing-findings worksheet. *Bonnell*, however, plainly requires that the findings be incorporated into the sentencing entry itself.

{¶9} The *Bonnell* court further explained that "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law[.]" *Id.* at ¶ 30. Instead, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* We, therefore, affirm the judgment of the trial court, but remand the cause for a nunc pro tunc order correcting the omission of the consecutive-sentence findings from the sentencing entry. *See* Crim.R. 36. To satisfy the mandate in *Bonnell*, the trial court may either (1) list its findings in the sentencing entry, (2) attach and make the sentencing-findings worksheet part of the sentencing entry, or, at the very least, (3) incorporate its findings by specific reference in the sentencing entry to the previously-docketed findings.

Judgment accordingly.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.