[Cite as *State v. Gray*, 2014-Ohio-4668.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 98970

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# ANDY GRAY

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552785

**BEFORE:** Rocco, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By:   Erika B. Cunliffe
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Amy E. Venesile
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Andy Gray appeals from the sentences the trial court imposed on him after he pleaded guilty to assault, attempted failure to comply, and drug trafficking.

{¶2} Gray presents a single assignment of error, arguing that the trial court failed to make the necessary statutory findings to impose consecutive prison terms. Gray also argues that Crim.R. 32 required the trial court to provide reasons for imposing consecutive terms.

{¶3} Based upon a review of the record in light of the Ohio Supreme Court's decision in *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E. 3d 659, Gray's arguments lack merit; therefore, his assignment of error is overruled. Gray's sentence is affirmed, but this case is remanded for the limited purpose of having the trial court incorporate, nunc pro tunc, its consecutive-sentence findings in the sentencing entry.

{¶4} Gray was indicted in this case on seven counts. He was charged with two counts of felonious assault on a peace officer, one count of failure to comply with a furthermore clause that he caused a substantial risk of serious physical harm, one count of tampering with evidence, one count of trafficking in heroin, one count of possession of heroin, and one count of possessing criminal tools. The last three counts each contained several forfeiture specifications.

{¶5} After the jury was empaneled in Gray's case, he decided to accept the state's offer of a plea agreement. In exchange for Gray's guilty pleas to Count 1, amended to include both police officers' names and to the charge of simple assault, Count 3, amended to include the attempt statute, and Count 5, as indicted, the state dismissed all of the remaining charges. The trial court accepted Gray's guilty pleas and ordered a presentence investigation and report.

{¶6} When the trial court called Gray's case for sentencing, the court indicated it had read the presentence report as well as an "Ohio Offender Risk Assessment" and a written victim impact statement that had been created. In the latter, one of the police officers "explained that he had received cuts to his hands" in the incident, and that he and his partner "could easily have been seriously injured when Mr. Gray fled in his vehicle." The officer further opined that Gray "put city residents at risk when he sped off through the crowded parking lot, ran a stop sign, almost struck oncoming vehicles, [and] jumped out of a moving vehicle."

{¶7} The trial court also considered the arguments of counsel, the victims' oral statements, Gray's statement, and Gray's criminal record. The trial court then described the circumstances surrounding the incident, and quoted statistics about the devastation caused by heroin. The trial court noted that, by trafficking in heroin, Gray had "become a person who helps murder people" with it. Referring to "assault on peace officers," "not obeying police orders," and "major heroin trafficking," the court asked Gray if he

had ever thought about "the number of caskets [he was] filling from this type of behavior?"

**{¶8}** The trial court then stated:

> THE COURT: Anyway, here's what we're going to do. I'm going to elect to hand out consecutive sentences today and it may well be justified by the statute we're operating under, 2921.331, but *independent of that*, I have the power to hand out consecutive sentences and *I've consulted R.C. 2929.14* relative to when I can hand out consecutive sentences and those findings have always suggested that this is *necessary to protect the public and punish the offender*, and that *without going to consecutive sentences, there just isn't sufficient punishment.* So *all the things we've been talking about today are part of the findings* that I have to justify consecutive sentences.

(Emphasis added.)

**{¶9}** The trial court thereupon imposed consecutive prison terms of five years for the attempted failure to comply charge, one year for the assault charge, and one year for the drug trafficking charge.

**{¶10}** Gray presents a single assignment of error, which states:

> I.    The trial court violated Mr. Gray's right to due process and imposed a sentence contrary to law when it ordered consecutive sentences without stating reasons therefore [sic] and making findings the law requires.

**{¶11}** In his assignment of error, Gray asserts that the trial court failed to comply with Crim.R. 36 and R.C. 2929.14(C)(4) when it imposed consecutive prison sentences in this case. His assertion is rejected.

**{¶12}** The Ohio Supreme Court held as follows in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E. 3d 659, at the syllabus:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶13} Thus, Crim.R. 36(A)(4) did not require the trial court to provide reasons for choosing to impose consecutive prison terms. *Id.* at ¶ 25.

{¶14} With respect to Gray's conviction for attempted failure to comply, in *State v. Garner*, 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262, ¶ 18, this court held that a trial court errs in determining that it is mandated to impose a consecutive prison term pursuant to R.C. 2921.331(D). Thus, had the trial court "justified" its decision to impose consecutive prison sentences on Gray only pursuant to R.C. 2929.331, the court would have erred.

{¶15} However, the trial court in this case imposed consecutive terms pursuant to R.C. 2929.14(C)(4). Based upon *Bonnell*, this court concludes that the trial court fulfilled its duties at the sentencing hearing. *State v. Greene*, 8th Dist. Cuyahoga No. 100542, 2014-Ohio-3713.

{¶16} In *Bonnell*, the Supreme Court put forward a less strict standard than the one this court adopted in *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527. In this case, the trial court stated that consecutive service was necessary to punish Gray. Although the trial court did not specifically state that the sentence is "not disproportionate to the seriousness of" Gray's conduct and the danger he poses to the public, in light of the trial court's comments, to reverse and remand in this case would be tantamount to merely requiring the "magic" words, an approach that *Bonnell* rejected. *Greene*, fn. 1.

**{¶17}** The trial court made its proportionality finding by asking Gray rhetorically if he had "ever thought about * * * the number of caskets [he was] filling from this kind of behavior?" The court then stated Gray was selling heroin, which "people * * * are dying from," and Gray also disobeyed the police officers' orders to stop and, instead, operated his heavy vehicle, thus endangering "the innocent little toddler and the 86-year old gentleman walking with a walker who can't get out of the way." A review of the trial court's comments also leads to the conclusion that the court found both R.C. 2929.14(C)(4)(b) and (c) applied to this case. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584.

**{¶18}** Because the trial court complied with the less strict standard of review set forth in *Bonnell,* Gray's assignment of error is overruled. Nevertheless, *Bonnell* requires that the trial court not only make the statutory findings to impose consecutive sentences, but that the court also incorporate those findings into its sentencing entry. *Id.* at syllabus. The *Bonnell* court stated that the trial court's failure to do so is a clerical mistake and does not render the sentence contrary to law, therefore, the omission "may be corrected * * * through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

**{¶19}** In light of *Bonnell*, although Gray's sentences are affirmed, this case is remanded for the limited purpose of having the trial court incorporate, nunc pro tunc, its consecutive-sentence findings in the sentencing entry.

**{¶20}** Sentences affirmed. Case remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR