[Cite as *State v. Smith*, 2014-Ohio-5095.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130441 |
| | | C-130456 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1208359A |
| | | B-1208199 |
| vs. | : | |
| | | *O P I N I O N.* |
| LACHARLES SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: November 19, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}   Following a jury trial, defendant-appellant LaCharles Smith was convicted of two counts of aggravated robbery.  The trial court imposed an 11-year prison term for each offense and ordered the sentences to be served consecutively. For the following reasons, we affirm the convictions but remand this cause to the trial court to incorporate its findings for consecutive sentences into the sentencing entry.

{¶2}   In his single assignment of error in the appeal numbered C-130441, Smith challenges the sufficiency of the evidence underlying his conviction for aggravated robbery in the case numbered B-1208359A.   When considering a sufficiency claim, we must determine, after viewing the evidence in a light most favorable to the state, whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt.  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶3}   Smith argues that he should not have been convicted of aggravated robbery under a theory of complicity because there was no competent, credible evidence presented by the state that Smith aided and abetted the aggravated robbery against Tawana Thomas, and her friend, Jerry.

{¶4}   Complicity to commit aggravated robbery can be inferred from direct or circumstantial evidence that demonstrates that the defendant "supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal."  *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus.

The defendant's criminal intent may be inferred from the "presence, companionship and conduct [of defendant] before and after the offense is committed." *Id.* at 245.

{¶5} At trial, Thomas testified that a maroon-colored car with temporary tags had circled the block three times where she and Jerry had been walking. On the third loop, the car stopped and two men exited from the back of the car, pointed a gun at the victims and stole Thomas's purse and Jerry's two cellular phones. The two men got back into the car, where a female driver and a male passenger in the front seat were waiting. As soon as the robbers drove off, Thomas called the police to report the crime. Within 20 minutes, the police had stopped the car and arrested Smith, who was the front-seat passenger, and the other three individuals in the car. The police officers who made the stop and searched the car all testified that two cellular phones, which Thomas identified at least one of them as Jerry's phone, were found on Smith.

{¶6} After reviewing the above evidence in a light most favorable to the state, we hold that there was sufficient evidence to support Smith's conviction for aggravated robbery under the case numbered B-1208359A. The single assignment of error is overruled.

{¶7} In the appeal numbered C-130456, Smith has appealed his conviction for aggravated robbery in the case numbered B-1208199, but he has not raised any assignments of errors as to that conviction.

{¶8} In reviewing the record in both appeals, we note that the trial court, while making the required findings for consecutive sentences on the record at the sentencing hearing, failed to make the findings a part of the sentencing entries as required by the Ohio Supreme Court's decision in *State v. Bonnell*, 140 Ohio St.3d

209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. But the trial court's "failure to incorporate the statutory findings into the sentencing entry after properly making those findings at the sentencing hearing [does] not render the sentence contrary to law[.]" *Id.* at ¶ 30. Instead, "such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* Therefore, we affirm the judgment of the trial court, but remand the cause for a nunc pro tunc order correcting the omission of the consecutive-sentences findings from the sentencing entries. *See* Crim.R. 36. In *State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-3833, ¶ 9, this court held that in order to satisfy *Bonnell's* mandate, the trial court may, on remand, "(1) list its findings in the sentencing entry, (2) attach and make the sentencing-findings worksheet part of the sentencing entry, or, at the very least, (3) incorporate its findings by specific reference in the sentencing entry to the previously-docketed findings."

Judgments affirmed and cause remanded.

**FISCHER** and **DEWINE, JJ.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.