[Cite as *State v. Coleman*, 2014-Ohio-5275.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100888, 100924, and 101925**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARRELL COLEMAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571165-B, CR-13-571726-A,
and CR-13-572096-A

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Andrew J. Santoli
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Darrell Coleman, challenges the consecutive nature of the sentences imposed in three separate cases. He argues the trial court was required to support findings necessary to impose consecutive sentences with reasons stated on the record. After a thorough review of the record and law, we affirm appellant's sentence, but remand for the trial court to issue a nunc pro tunc entry to incorporate the findings made at the sentencing hearing into the journal entries in two of the cases below.

## I. Factual and Procedural History

{¶2} On December 4, 2013, appellant retracted his former pleas of not guilty and entered pleas of guilty in three cases: Cuyahoga C.P. Nos. CR-13-571726-A, CR-13-571165-B, and CR-13-572096-A. The plea agreement contained a sentencing recommendation of a prison sentence of 30 years to life.

{¶3} On December 27, 2013, the trial court conducted a sentencing hearing. In CR-13-571165-B, appellant received a prison sentence of life with parole eligibility after 30 years for aggravated murder. He also received eight-year prison terms for two counts of aggravated robbery and one count of involuntary manslaughter. All these prison terms were ordered to be served concurrent to each other.

{¶4} In CR-13-571726-A, appellant received an eight-year prison sentence for aggravated robbery, to be served consecutively to the sentence imposed in CR-13-571165-B.

{¶5} In CR-13-572096-A, appellant was sentenced on four counts of aggravated robbery to four eight-year terms of incarceration, to be served concurrently to each other, but

consecutively to the sentences imposed in CR-13-571726-A and CR-13-571165-B. Therefore, appellant's aggregate prison term was life in prison with parole eligibility after 46 years.

{¶6} From this sentence appellant appeals assigning one error:

I. The trial court erred in imposing consecutive sentences without giving reasons for doing so.

## II. Law and Analysis

{¶7} R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

{¶8} Under R.C. 2929.14(C)(4), a trial court may impose consecutive multiple prison terms for convictions on multiple offenses where the court makes the necessary statutory findings. This court has interpreted the statute to require that the trial court make separate and distinct findings apart from any findings relating to the purposes and goals of criminal sentencing. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 13. *See also State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.).

{¶9} R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and

to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Appellant argues the trial court must support its findings with reasons stated on the record. Appellant's plea for reasons was squarely rejected by the Ohio Supreme Court in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio- 3177, 16 N.E.3d 659, syllabus.

{¶11} There, the court addressed the argument raised herein that Crim.R. 32(A) and R.C. 2929.14(C)(4), when read together, require that reasons support findings necessary to impose consecutive sentences. The *Bonnell* court rejected that argument and stated unequivocally that "a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentences." *Id*. at ¶ 25.

{¶12} Here, the trial court made the findings required by statute. At sentencing, the court stated:

> This court must find a sentence that will protect the public, not be disproportionate to the seriousness of your conduct and to the danger that you posed to the public and possibly to punish you as well.
>
> The court will find that consecutive sentences are necessary to protect the public from future crime from you, as well as to punish you and that consecutive sentences are not disproportionate to the seriousness of your conduct.

Obviously at least two of these multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses was so great that no single prison term for any of the offenses committed adequately reflects the seriousness of your conduct. Consecutive sentences are necessary to protect the public from future crime by you.

{¶13} This encompasses all the required findings. Those findings are also supported in the record. Appellant was involved in a string of violent armed robberies over five months that resulted in the death of two people — one of which was at appellant's hands. Consecutive sentences are necessary to protect the public and to punish appellant. Consecutive sentences are obviously not disproportionate to the harm caused or to the danger posed by appellant. Finally, as the trial court found, the approximately half dozen armed robberies committed by appellant and his codefendants, in which two people died, constitute a continuing course of conduct that necessitates consecutive sentences. Therefore, appellant's assigned error is overruled.

{¶14} The Ohio Supreme Court also stated in *Bonnell* that the findings are required to appear in the journal entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio- 3177, 16 N.E.3d 659, at the syllabus. The journal entries in CR-13-571165-B and CR-13-572096-A do not contain the requisite findings. Because the court in fact made the findings during sentencing, the trial court may issue a nunc pro tunc entry adding the findings in CR-13-571165-B and CR-13-572096-A in order to comply with the Ohio Supreme Court's holding.

### III. Conclusion

{¶15} The trial court made the requisite findings necessary to impose consecutive sentences. There is no requirement that those findings be supported by reasons on the record. As long as the findings are not clearly and convincingly unsupported in the record, there is no basis to reverse the consecutive nature of the sentences. The record in this case supports consecutive sentences. However, the findings do not appear in the journal entries in

CR-13-571165-B and CR-13-572096-A, requiring the issuance of nunc pro tunc entries to fully comply with the holding set forth in *Bonnell*.

{¶16} Judgment affirmed.  However, this case is remanded to the trial court solely for correction of the journal entries in CR-13-571165-B and CR-13-572096-A.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR