[Cite as *State v. Black*, 2014-Ohio-5570.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

CHESTER L. BLACK, JR.

     Defendant-Appellant


Appellate Case No.    2014-CA-4

Trial Court Case No.   2013-CR-217


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . .


R. KELLY ORMSBY, III, Atty. Reg. #0020615, and DEBORAH S. QUIGLEY, Atty. Reg. #0055455, Darke County Prosecutor's Office, Courthouse, 504 South Broadway, Third Floor, Greenville, Ohio 45331
     Attorneys for Plaintiff-Appellee

S. TODD BRECOUNT, Atty. Reg. #0065276, 115 North Main Street, Suite A, Urbana, Ohio 43078
     Attorney for Defendant-Appellant

WELBAUM, J.

{¶ 1} Defendant-appellant, Chester L. Black, Jr., appeals from the ten-year prison sentence he received in the Darke County Court of Common Pleas after pleading guilty to ten counts of sexual battery. For the reasons outlined below, the judgment of the trial court will be affirmed, but the matter will be remanded to the trial court so that it may amend its sentencing entry to incorporate the trial court's consecutive-sentence findings.

{¶ 2} On November 4, 2013, a complaint was filed against Black charging him with two counts of sexual battery in violation of R.C. 2907.03(A)(5), both third-degree felonies. Thereafter, on November 21, 2013, Black was indicted on two counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, as well as twelve counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree. Pursuant to a plea agreement, Black entered a plea of guilty to ten of the twelve sexual battery counts. In exchange for his plea, the State dismissed the two rape counts and the remaining two sexual battery counts.

{¶ 3} At sentencing, the trial court imposed a one-year prison sentence for each count of sexual battery and ordered those sentences to run consecutively for a total prison term of ten years. Black now appeals from his sentence, raising one assignment of error for review. His sole assignment of error is as follows:

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING
>
> APPELLANT TO CONSECUTIVE SENTENCES WITHOUT SETTING
>
> FORTH IN THE SENTENCING ENTRY ITS PRIOR ORAL FINDING UNDER
>
> R.C. 2929.14(C)(4)(b) THAT "AT LEAST TWO OF THE MULTIPLE

OFFENSES WERE COMMITTED AS PART OF ONE OR MORE COURSES OF CONDUCT, AND THE HARM CAUSED BY TWO OR MORE OF THE MULTIPLE OFFENSES SO COMMITTED WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM FOR ANY OFFENSES COMMITTED AS PART OF THE COURSES OF CONDUCT ADEQUATELY REFLECTS THE SERIOUSNESS OF THE OFFENDER'S CONDUCT."

**{¶ 4}** Under the foregoing assignment of error, Black concedes the trial court made the required consecutive-sentence findings set forth in R.C. 2929.14(C)(4) at the sentencing hearing and does not challenge those findings. Instead, Black contends the trial court erred in failing to incorporate its consecutive-sentence findings in the sentencing entry and claims said failure amounts to reversible error. We disagree.

**{¶ 5}** Pursuant to R.C. 2929.14(C)(4), a sentencing court must make certain findings before imposing consecutive sentences. Specifically, a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more

courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 6} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, the Supreme Court of Ohio held that "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id*. at syllabus. With respect to the sentencing entry, the First District Court of Appeals has held that "[t]o satisfy the mandate in *Bonnell*, the trial court may either (1) list its findings in the sentencing entry, (2) attach and make the sentencing-findings worksheet part of the sentencing entry, or, at the very least, (3) incorporate its findings by specific reference in the sentencing entry to the previously-docketed findings." *State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-3833, ¶ 9.

{¶ 7} As noted in *Bonnell*, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell* at ¶ 30. However, "a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing [the] sentence." (Citation omitted.) *Id*. Therefore,

assuming the consecutive-sentence findings were properly made at the sentencing hearing, a trial court's failure to incorporate the findings in the sentencing entry would not by itself amount to reversible error. *See State v. Coleman*, 8th Dist. Cuyahoga Nos. 100888, 100924, 101925, 2014-Ohio-5275, ¶ 15 ("[a]s long as the [consecutive-sentence] findings are not clearly and convincingly unsupported in the record, there is no basis to reverse the consecutive nature of the sentences").

{¶ 8}    As previously noted, Black does not contend  the trial court failed to make the required consecutive-sentence findings under R.C. 2929.14(C)(4), nor does he challenge the court's findings.   Rather, Black's sole claim is that the trial court committed reversible error in failing to incorporate its consecutive-sentence findings in the sentencing entry.   The relevant portion of the trial court's sentencing entry states only the following with respect to consecutive sentences: "Consecutive sentences are necessary and appropriate for the reasons articulated in open court."   Judgment Entry-Sentencing (Mar. 24, 2014), Darke County Common Pleas Court Case No. 13-CR-00217, Docket No. 21, p. 2.

{¶ 9}    We conclude the foregoing language is overly broad and fails to sufficiently incorporate the consecutive-sentence findings made by the trial court at the sentencing hearing. However, this mistake can be corrected via a nunc pro tunc entry and does not amount to reversible error.   *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 at ¶ 30. Accordingly, Black's sole assignment of error is overruled.

{¶ 10}   Having overruled Black's sole assignment of error, the judgment of the trial court is affirmed.   The case is remanded to the trial court so that the court may amend its sentencing entry via a nunc pro tunc order to incorporate the consecutive-sentence findings it made at the

sentencing hearing.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

R. Kelly Ormsby, III
Deborah S. Quigley
S. Todd Brecount
Hon. Jonathan P. Hein