[Cite as *State v. Reardon*, 2014-Ohio-5689.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101216

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### JAMES A. REARDON

DEFENDANT-APPELLANT

### JUDGMENT:
### SENTENCE AFFIRMED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-579182-A

**BEFORE:** Kilbane, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
9442 State Route 43
Streetsboro, Ohio 44241

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Edward R. Fadel
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}    Defendant-appellant, James Reardon ("Reardon"), appeals from his sentence after pleading guilty to three counts of theft, three count of desecration, and two counts of breaking and entering.   For the reasons set forth below, we affirm his sentence, but remand for the limited purpose of having the trial court issue a nunc pro tunc entry incorporating the consecutive-sentence findings it made at the sentencing hearing into the sentencing journal entry.

{¶2} In October 2013, Reardon was charged in an eight-count indictment.   Counts 1 and 5 charged him with felony theft and listed the amount of the property stolen between $1,000 or more and less than $7,500.   Counts 2 and 7 charged him with desecration.   Count 3 also charged him with desecration and contained a furthermore clause indicating the value of the property harmed was $5,000 or more, but less than $100,000.   Counts 4 and 6 charged him with breaking and entering.   Count 8 charged him with misdemeanor theft.

{¶3}    The charges stem from the theft of property belonging to Gethsemane Lutheran Church and Faith Lutheran Church.[1]   Reardon broke into both churches, stole chalices, goblets, DVD players, walkie talkies, and other electronics.   Reardon then took the property to a pawn shop in Cleveland.   Reardon used the money he received from the pawn shop to buy drugs.

{¶4}    In February 2014, Reardon pleaded guilty to all counts in the indictment.   The court sentenced Reardon in March 2014.   The court sentenced him to one year in prison on each of Counts 1-7.   The court gave Reardon time served on Count 8.   The court ordered that Counts 1, 2, 3, 4, and 5 be served consecutive to each other and concurrent to Counts 6 and 7, for a total of five years in prison.   The court ordered Reardon to pay restitution, and the court waived his fines and costs.

**{¶5}** Reardon now appeals, raising the following single assignment of error for review.

Assignment of Error

The trial court erred when it imposed consecutive sentences without making the required findings pursuant to R.C. 2929.14(C).

**{¶6}** In his sole assignment of error, Reardon argues that the court did not make the adequate findings when imposing the consecutive sentence as required by R.C. 2929.14(C). He further argues there is nothing that is "'so great or unusual'" from other theft convictions that would necessitate consecutive sentences.

**{¶7}** When reviewing felony sentences, R.C. 2953.08(G)(2) provides: "The appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

**{¶8}** Under R.C. 2929.14(C)(4), a trial court may impose consecutive multiple prison terms for convictions on multiple offenses where the court makes the necessary statutory findings. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant

---

[1]Reardon worked at Gethsemane Lutheran Church for five months.

to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} Reardon acknowledges the disagreement among appellate courts regarding what is required by the trial court under R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) when imposing consecutive sentences. The Ohio Supreme Court addressed this disagreement in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, which was released after Reardon's appellate brief was filed. The *Bonnell* court rejected the argument that Crim.R. 32(A) and R.C. 2929.14(C)(4), when read together, require that reasons support findings necessary to impose consecutive sentences. Rather, the court held that "a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentences." *Id.* at ¶ 27.

{¶10} In order to impose consecutive terms of imprisonment, the *Bonnell* court held that the "trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus. Moreover, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶11} In the instant case, the trial court made the findings required by statute. At sentencing, the court considered concurrent sentences and noted it had discretion to sentence consecutively, which the court felt was warranted. The trial court stated that "consecutive sentences are necessary to protect the public and to punish the offender." Reardon "needed to be punished for what he has done now, and in the past." The court based its decision on Reardon's extensive criminal record (39 prior convictions), his lack of rehabilitation, and his failure to correct a drug addiction after numerous attempts. The court felt the harm was so great, stating that "it's a devastating crime in a sense because these holy chalices that were purchased by the church and enjoyed by the entire community during the sacrifice of the mass have been melted down into I guess what the Bible would say * * * 30 pieces of silver[.]" The court also took into consideration the comments made by Pastor Wallace, the pastor for Gethsemane Lutheran Church. Pastor Wallace stated that, in the tradition of Bishop Myriel and his kindness to Jean Valjean in Victor Hugo's *Les Miserables*, he forgave Reardon for his crimes and acknowledged that Reardon did very well when he worked for him. As Reardon's spiritual advisor, he believed that Reardon was remorseful.

{¶12} The trial court further stated "that a sentence in this case that [will be imposed] will [not] be disproportionate to the crimes that [Reardon] has committed." The court noted that Reardon "needs to be put away for a long time because his record demonstrates whenever he is released he reoffends." The court additionally noted that Reardon's "criminal history does show consecutive terms are necessary to protect the public." Lastly, the court stated that Reardon "committed these crimes while under a sanction of post-release control."

{¶13} Reardon further claims the court did not give consideration to his drug addiction. A review of the record reveals that the trial court considered it, but also considered that this was

Reardon's 39th offense, he was "on probation at least a dozen times," he has been "treated at least half a dozen times," he has "been in detox," and "nothing has worked."

{¶14} Therefore, based on the foregoing, we find that the trial court made the findings required by R.C. 2929.14(C), and the sole assignment of error is overruled.

{¶15} We note, however, the Ohio Supreme Court also stated in *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, that the findings are required to appear in the sentencing journal entry. The state of Ohio acknowledges, in light of *Bonnell*, that this case should be remanded for the limited purpose of having the trial court incorporate, nunc pro tunc, its consecutive-sentence findings in the sentencing entry. *See also State v. Coleman*, 8th Dist. Cuyahoga Nos. 100888, 100924, 101925, 2014-Ohio-5275; *State v. Greene*, 8th Dist. Cuyahoga No. 100542, 2014-Ohio-3713; *State v. Gray*, 8th Dist. Cuyahoga No. 98970, 2014-Ohio-4668.

{¶16} Accordingly, judgment is affirmed. However, the case is remanded for the limited purpose of having the trial court incorporate, nunc pro tunc, its consecutive-sentence findings in the sentencing entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR