[Cite as *State v. Mahone*, 2015-Ohio-3139.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102023**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT MAHONE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-583342-A

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 6, 2015

**ATTORNEY FOR APPELLANT**

Timothy R. Sterkel
1414 South Green Road
Suite 310
South Euclid, Ohio 44121


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel A. Cleary
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Robert Mahone ("Mahone"), appeals from his convictions and sentence, raising two assignments of error for review:

> 1. The trial court failed to comply with Ohio Criminal Rule 11 and committed error when it accepted his plea without informing him of the maximum penalty associated with his plea.

> 2. The trial court committed error when it sentenced him to consecutive sentences.

{¶2} After careful review of the record and relevant case law, we affirm Mahone's convictions and sentence, but remand for correction of the sentencing journal entry.

## I.   Procedural History

{¶3} In March 2014, Mahone was named in a six-count indictment charging him with aggravated murder in violation of R.C. 2903.01(A), murder in violation in R.C. 2903.02(B), felonious assault in violation of R.C. 2903.11(A)(2), felonious assault in violation of R.C. 2903.11(A)(1), attempted murder in violation in R.C. 2923.02 and 2903.02(A), and felonious assault in violation of R.C. 2903.11(A)(2).   Each count contained one- and three-year firearm specifications in violation of R.C. 2941.141(A) and 2941.145(A).   The charges contained in Mahone's indictment stemmed from the shooting death of victim, Donald Coley, and the attempted shooting of victim, Tim Willis.

{¶4} Following numerous pretrial hearings, a jury trial was set to commence in August 2014.   Prior to trial, Mahone expressed his unwillingness to entertain a plea agreement proposed by the state.   However, just prior to the jury being selected, Mahone

agreed to plead guilty to an amended Count two, involuntary manslaughter in violation of R.C. 2903.04(A), with firearm specifications. Mahone further pleaded guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), with firearm specifications, and attempted murder in violation of R.C. 2923.02 and 2903.02(A), with firearm specifications. As part of the plea, the parties agreed that Mahone would receive a sentence within the range of 16 to 23 years.

{¶5} At the sentencing hearing, Mahone was ordered to serve a 22-year term of imprisonment. In formulating its sentence, the trial court ordered Mahone's ten-year sentence for involuntary manslaughter and his six-year sentence for attempted murder to run consecutive to each other and to their accompanying three-year firearm specifications.

{¶6} Mahone now brings this timely appeal, challenging the validity of his plea and sentence.

## II. Law and Analysis

### A. Crim.R. 11

{¶7} In his first assignment of error, Mahone argues the trial court failed to comply with Crim.R. 11 and committed reversible error when it accepted his plea without informing him of the maximum penalty associated with his plea.

{¶8} Whether the trial court accepted a plea in compliance with Crim.R. 11(C) is subject to de novo review. *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 22. "'We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11.'" *State v.*

*Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6, quoting *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

{**¶9**} Crim.R. 11(C)(2) governs guilty pleas and provides:

> In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{**¶10**} The Ohio Supreme Court has explicitly held that the requirement that the court inform a defendant of the maximum penalty for the offenses involved is a statutory requirement and has no constitutional basis. *State v. Johnson*, 40 Ohio St.3d 130, 133, 532 N.E.2d 1295 (1988). While strict compliance is the standard for constitutional Crim.R. 11 notifications, courts must only substantially comply in informing defendants of the nonconstitutional notifications under Crim.R. 11. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Id*. at ¶ 15. Further, when nonconstitutional aspects of the Crim.R. 11 colloquy are at issue, a defendant must show prejudice before a plea will be vacated. *Id.*

Prejudice in this context requires that the defendant show that but for the error, there is a reasonable probability that the defendant would not have entered a plea of guilty. *State v. Simmons*, 8th Dist. Cuyahoga Nos. 99513 and 100552, 2013-Ohio-5026, ¶ 5.

**{¶11}** The state concedes that the trial court failed to advise Mahone of the maximum penalty associated with his plea. The state maintains, however, that Mahone cannot establish prejudice. We agree. Significantly, Mahone does not argue on appeal that but for the trial court's nonadvisement, he would not have entered a guilty plea and would have chosen to go to trial. Furthermore, an independent review of the record does not convince us that Mahone would not have entered a plea had the court advised him of the maximum penalties for his offenses. At his plea hearing, the parties agreed to a prison term between 16 and 23 years. Had Mahone proceeded to trial, he would have faced the possibility of life in prison on his aggravated murder charge alone. *See* R.C. 2929.03. In the absence of contrary evidence, we conclude that Mahone was not prejudiced by the court's failure to advise. *See State v. Dotson*, 8th Dist. Cuyahoga No. 101911, 2015-Ohio-2392, ¶ 16-18.

**{¶12}** Accordingly, Mahone's first assignment of error is overruled.

### B. Consecutive Sentences

**{¶13}** In his second assignment of error, Mahone narrowly argues the trial court committed reversible error by imposing consecutive sentences without incorporating its findings into its sentencing journal entry pursuant to *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Significantly, Mahone does not contend the trial court

failed to make the required consecutive sentence findings under R.C. 2929.14(C)(4), nor does he challenge the court's findings.[1]

{¶14} The state concedes that the trial court failed to include its findings in its sentencing entry.   However, we note that

> [a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.

*Bonnell* at ¶ 30.   Therefore, a trial court's failure to incorporate the findings in the sentencing entry does not by itself amount to reversible error.   *See State v. Black*, 2d Dist. Darke No. 2014-CA-4, 2014-Ohio-5570, ¶ 7, citing *State v. Coleman*, 8th Dist. Cuyahoga Nos. 100888, 100924, 101925, 2014-Ohio-5275, ¶ 15 ("[a]s long as the [consecutive-sentence] findings are not clearly and convincingly unsupported in the record, there is no basis to reverse the consecutive nature of the sentences.").

{¶15} Accordingly, while Mahone's second assignment of error has merit, there is no reversible error.   *See Black* at ¶ 9.   Nevertheless, while we affirm the trial court's sentence, we remand the case for the limited purpose of having the trial court issue a nunc pro tunc entry incorporating its consecutive findings into its sentencing judgment entry. *Bonnell* at ¶ 30 (trial court is not only required to make the statutory findings mandated under R.C. 2929.14(C) to support consecutive sentences but also incorporate its findings

---

[1]   The record reflects that the trial court made the findings necessary for imposing consecutive sentences. (Tr. 561-565.)

into its sentencing entry; trial court's omission is a clerical mistake and may be corrected through a nunc pro tunc entry).

{¶16} The judgment of the trial court is affirmed. However, this case is remanded to the trial court so that the court may amend its sentencing entry via a nunc pro tunc order.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of the journal entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
LARRY A. JONES, SR., P.J., CONCURS IN JUDGMENT ONLY